UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARK GRIGSBY, ET AL                         CIVIL ACTION NO. 18-cv-0537

VERSUS                                       JUDGE DOUGHTY

BARKSDALE FEDERAL CREDIT UNION, ET    MAGISTRATE JUDGE HORNSBY
AL

**REPORT AND RECOMMENDATION**

Mark and Darita Grigsby ("Plaintiffs"), represented by Patricia Gilley, filed this civil action against Barksdale Federal Credit Union pursuant to the Equal Credit Opportunity Act. Plaintiffs alleged in their complaint that they had been discriminated against on the basis of their race and prevented from building and living "in the home of their dreams" located in a neighborhood known as Lake Pointe Place. Doc. 1. Ms. Gilley filed a Motion to Withdraw on the basis that Plaintiffs informed her that they no longer desired her services. Doc. 18.

The court issued an order that granted the motion to withdraw. The order stated that Plaintiffs were "strongly encouraged to retain new counsel" and granted them until September 24, 2018 to either (1) enroll new counsel to represent them in this case or (2) file with the court a written statement that they intend to represent themselves. The order warned: "Failure to take one of those steps prior to September 24, 2018 may result in Plaintiffs' case being dismissed, without further notice, for failure to prosecute."

Plaintiffs filed a Motion to Stay on August 24, 2018, alleging that they needed time to secure new counsel and were waiting for results of a pending investigation by HUD. Doc. 20. The court denied the motion noting that Plaintiffs had withdrawn their HUD complaint, but extended Plaintiffs' deadline to comply with the court's previous order until October 5, 2018. Plaintiffs then requested another extension of time to enroll counsel. The court granted the motion and extended the deadline to October 31, 2018. Doc. 26 The docket sheet indicates that a copy of that order was mailed to Plaintiffs. The October 31, 2018 deadline has passed, and there has been no action of record by Plaintiffs or an attorney acting on their behalf.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982).

The court provided ample time, including two extensions, for Plaintiffs to secure new counsel or indicate their desire to proceed without counsel. Plaintiffs have not taken even the simple step of alerting the court that they desire to proceed on their own. It is unlikely that plaintiffs who are unwilling to take such a simple step are interested enough in their case to comply with the other more serious requirements of litigation. Proceeding further with this action would be a waste of time and resources for the court and other

parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of November, 2018.

Mark L. Hornsby
U.S. Magistrate Judge