UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **MARK GRIGSBY, ET AL** | **CIVIL ACTION NO. 5:18-cv-00537** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **BARKSDALE FEDERAL CREDIT UNION, ET AL** | **MAG. JUDGE MARK L. HORNSBY** |

**R U L I N G**

Pending before the Court are Objections [Doc. Nos. 28 and 30] to the Report and Recommendation of the Magistrate Judge [Doc. No. 27].

This is a civil rights action. On August 24, 2018, the Magistrate Judge issued a Memorandum Order allowing Patricia A. Gilley to withdraw as counsel of record for Plaintiffs Mark and Darita Grigsby ("Plaintiffs") [Doc. No. 19]. In the Memorandum Order, the Magistrate Judge advised Plaintiffs that they were strongly encouraged to retain new counsel and granted them until September 24, 2018, to either (1) enroll new counsel to represent them in this case or (2) file with the Court a written statement that they intend to represent themselves [Doc. No. 19, p.1]. Plaintiffs were also warned that failure to take one of those steps by September 24, 2018, may result in their case being dismissed, without further notice, for failure to prosecute. *Id*.

Plaintiffs filed a Motion to Stay on August 24, 2018, alleging that they needed time to secure new counsel and were waiting for results of a pending investigation by HUD [Doc. No. 20]. The Magistrate Judge denied the motion, noting that Plaintiffs had withdrawn their HUD complaint, but extended Plaintiffs' deadline to comply with her previous order until October 5, 2018 [Doc. No. 24]. Plaintiffs then requested another extension of time to enroll counsel [Doc.

No. 25]. The Magistrate Judge granted the motion and extended the deadline to October 31, 2018 [Doc. No. 26]. That deadline passed with Plaintiffs taking no action of record.

On November 6, 2018, the Magistrate Judge issued a Report and Recommendation *sua sponte* recommending that this civil action be dismissed without prejudice for failure of Plaintiffs to prosecute. [Doc. No. 27].

Plaintiffs did not file an objection.

On November 20, 2018, Defendants and Plaintiffs-in-Counterclaim Lake Pointe Homeowners Association, Inc., James Ronald Clements, Cindy Clements and Seth Winterer (hereinafter referred to as "the HOA Defendants") filed an objection to that part of the Report and Recommendation that recommends the dismissal of the Plaintiffs' claims **without** prejudice [Doc. No. 28]. The HOA Defendants request that the order to be entered dismissing Plaintiffs' claims either be **with** prejudice or recognize that the HOA Defendants' counterclaims against Plaintiffs remain pending. If the dismissal is **with** prejducie, then the HOA Defendants have no objection to their counterclaims being dismissed without prejudice so that this civil action is disposed of in its entirety.

Also on November 20, 2018, Defendants and Plaintiffs-in-Counterclaim Teresa Hall, Patrick Gullatt, and Barksdale Federal Credit Union (hereinafter referred to as "the Barksdale Defendants") filed an objection to that part of the Report and Recommendation that recommends the dismissal of the Plaintiffs' claims **without** prejudice [Doc. No. 30]. The Barksdale Defendants likewise request that the order to be entered dismissing Plaintiffs' claims either be **with** prejudice or recognize that the Barksdale Defendants' counterclaims against Plaintiffs remain pending. If the dismissal is **with** prejudice, then the Barksdale Defendants have no objection to their counterclaims being dismissed, even with prejudice.

The deadline for any party to file a response to the objections of another party was December 4, 2018, which has passed with no party, including Plaintiffs, filing a response. The matter is ripe.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.*, citing *Link v. Wabash Railroad*, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." *Rogers v. Kroger Company*, 669 F.2d 317, 319-20 (5th Cir.1982).

Rule 41(b) of the Federal Rules of Civil Procedure reads:

> (b) *Involuntary Dismissal*; *Effect*. If the plaintiff *fails to prosecute* or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. *Unless the dismissal order states otherwise*, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19— operates as an *adjudication on the merits*.

(emphasis added)

This Court finds that the Magistrate Judge provided ample time, including two extensions, for Plaintiffs to secure new counsel or to indicate their desire to proceed without counsel. Plaintiffs have not taken even the simple step of alerting the Court that they desire to proceed on their own. It is unlikely that Plaintiffs who are unwilling to take such a simple step are interested enough in their case to comply with the other more serious requirements of litigation. Proceeding further with this action would be a waste of time and resources for the Court and other parties.

The Magistrate Judge concluded that dismissal without prejudice for failure to prosecute would be the best exercise of the Court's discretion in these circumstances.

For the reasons assigned in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law, this Court agrees that this action should be dismissed, and this Court adopts the Report and Recommendation to the extent that it recommends that this action be dismissed.

However, this Court declines to adopt the Report and Recommendation to the extent that it recommends that the dismissal be without prejudice. This Court finds that Plaintiffs' claims should be dismissed with prejudice.

The text of Rule 41(b)—specifically the language reading "[u]nless the dismissal order states otherwise"—provides a general rule that a dismissal under rule 41(b) operates as an adjudication on the merits. Under the facts of this case, where Plaintiffs have failed to prosecute or to comply with the rules or a court order, the Court finds that a dismissal with prejudice which will operate as an adjudication on the merits is proper.

Both the HOA Defendants and the Barksdale Defendants are concerned that, if Plaintiffs' claims are dismissed without prejudice, Plaintiffs may attempt to refile those claims in another court to avoid, among other things, the effect of Rule 41(d) of the Federal Rules of Civil Procedure, which provides that the Court may order that a plaintiff who files an action based on or including the same previously dismissed claim against the same defendant pay all or part of the costs of that previous action, and, may stay the proceedings until the plaintiff has complied.

Additionally, the Report and Recommendation recommends dismissal of the "action", but did not specifically address the counterclaims asserted by the HOA Defendants and the Barksdale Defendants for attorney's fees and expert fees. However, as indicated above, both the HOA Defendants and the Barksdale Defendants are willing to agree to a dismissal of their counterclaims,

if Plaintiffs' claims are dismissed with prejudice. Accordingly, for the above reasons, this Court ORDERS that Plaintiffs' claims be DISMISSED WITH PREJUDICE for failure to prosecute. This Court further ORDERS that the counterclaims of both the HOA Defendants and the Barksdale Defendants be DISMISSED WITHOUT PREJUDICE[1].

Monroe, Louisiana, this the 6th day of December, 2018.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court is ordering that Defendants' counterclaims for attorney's fees and expert fees be dismissed "without" prejudice to allow Defendants to be able to re-assert those counterclaims should Plaintiffs attempt to litigate their claims in any subsequent action.